Per Curiam,.

In a representative action on behalf of Caribbean Guano Company, hereinafter called “ plaintiff ”, judgment is demanded and has been denied declaring a certain agreement to be terminated, pursuant to which plaintiff purports to have granted to defendant, but without warranty of title, the exclusive right for a term of years to export and sell guano from certain *460 islands in the Caribbean Sea, under a license held by plaintiff and alleged to have been issued by proclamation of the Secretary of State of the United States on November 30,1869, pursuant to an Act of Congress which became a law on August 18, 1856.
On January 20,1949, the parties to this action signed a memorandum reciting plaintiff’s rights under said license, and granting to defendant a ninety-day option to enter into an agreement thereto annexed for a term of five years, with a renewal privilege for an additional five years at defendant’s election.
The option to enter into this agreement was exercised by defendant on April 5, 1949, within the ninety days allowed for that purpose.
Defendant, as above stated, was given the exclusive right to export guano from these islands for a period of years, subject to payment of a royalty to plaintiff upon each ton to be sold. The contract was subject to cancellation by plaintiff on thirty days’ written notice if defendant failed to sell a mim'rmrm of 1,000 tons of guano during each year of the term of said agreement, ‘ ‘ unless prevented by Acts of God or the United States Government ”. The undisputed fact is that the Government of the United States refused to sanction the removal of any guano from these islands indefinitely, due to an international dispute with Colombia concerning the ownership of the islands.
This was not a new obstacle to the exportation of this guano, since the Department of State had taken the same position for many years, a fact which was known to both parties when they signed the option agreement on January 20,1949. But that circumstance did not give to plaintiff the right to cancel this option after it had been signed, or to cancel the agreement after the option had been exercised, inasmuch as the agreement was drawn so as to remain in force for its full term although no guano were to be exported, provided that this was prevented by the Government of the United States. It appears to have been contemplated that defendant might succeed at some time during the life of the agreement in persuading the Department of State to change its position respecting these islands, in which event plaintiff would profit from royalties as well as defendant from the sale of the guano. The option and contract annexed thereto could have been differently expressed, but the language does not support plaintiff’s alleged right to cancel the arrangement in event that the governmental bar to the removal of Caribbean guano were not lifted within three months.
The judgment appealed from dismissing the complaint on the merits should be affirmed, with costs of the appeal to defendant.